E. BRYAN WILSON
Acting United States Attorney

DANIEL E. DOTY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Ave., Room 310
Fairbanks, AK 99701
Phone: 907-227-0717
Email: Daniel.Doty@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRADY GRIMES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:20-cr-00006-SAO-RRB<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' SENTENCING MEMORANDUM**

**SUMMARY OF SENTENCING RECOMMENDATIONS**

    **INCARCERATION** ................................................................................ **101 months**

    **SPECIAL ASSESSMENT** ............................................................................ **$200.00**

    **FINE**............................................................................................................................**$0**

    **SUPERVISED RELEASE** ............................................................................**3 years**

I. **SENTENCING CALCULATION**

   a. **Statutory Penalty Range**

   Defendant's sentencing range is as follows:

   i. Count 1 – Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

   1. 0-20 years imprisonment
   2. Up to $1,000,000 fine
   3. 3 years to life on supervised release
   4. $100 special assessment

   ii. Count 2 – Using or Carrying a Firearm in Connection with a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)

   1. 5 years to life imprisonment, with mandatory minimum term consecutive to any sentence imposed for any other offense;
   2. Up to $250,000 fine[1]
   3. Supervised release up to 5 years
   4. $100 special assessment

   b. **Guideline Calculation**

   i. **Summary**

   Defendant's criminal history category falls into Category II. With respect to Count 1, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841,

---

[1] The Rule 11 agreement states, erroneously, that the maximum fine amount is $500,000

Defendant's offense level is 21, establishing a sentencing guideline range of 41-51 months. With respect to Count 2, possession of a firearm in connection with a controlled substance offense in violation of 18 U.S.C. § 924(c), Defendant's guideline sentence is the statutory minimum 5 years.

### i. Criminal History Category

Defendant falls into Criminal History Category II. This determination is based on a handful of misdemeanor convictions with jail terms less than 60 days. With the exception of a disorderly conduct conviction that is not counted, each is worth 1 point for a total of 3 points.

### ii. Offense Level

The base offense level in this case is 24. U.S.S.G. § 2D1.1(c)(4). The DEA lab's analysis of the controlled substances established a net weight of 34.2 grams with a purity level of 51%. Based on the purity analysis and applicable margins of error, the possible range of the weight of the pure methamphetamine was between 17.33 grams and 20.83 grams. This means the Court should sentence Defendant for 17.33 grams, the quantity at the lower end of the margin of error. *United States v. Scheele*, 231 F.3d 492 (9th Cir. 2000).

The presentence report does not reflect this, but a 2-point offense level enhancement applies because Defendant possessed a firearm. U.S.S.G. § 2D1.1(b)(2).

Defendant took responsibility before any pretrial litigation or trial preparation, so he is entitled to a full 3-point downward adjustment pursuant to U.S.S.G. § 3E1.1. Defendant also entered the plea agreement pursuant to a district-wide COVID variance

program, the terms of which are familiar to the Court, so he is entitled to an additional 2-point downward adjustment pursuant to U.S.S.G. § 5K3.1.

### c. Probation Officer's Recommendation

The probation officer recommends a sentence of 84 months imprisonment, consisting of 24 months on Count 1 consecutive to 60 months on Count 2, 3 years supervised release, and a $200 special assessment.

## II. GOVERNMENT'S RECOMMENDATION

### a. Summary

The Government has agreed to recommend a sentence at the low-end of the guideline range, as calculated by the Court. Dkt. 41 at 14. Based on the guideline range as calculated above, this would dictate a recommendation of 101 months of imprisonment, consisting of 41 months on Count 1 and 60 months on Count 2, with 3 years supervised release.

### b. The Offense

The Court is sentencing Defendant for possession of 17 grams of pure methamphetamine cut to almost 40 grams of a distributable substance, and possessing firearms in connection with that offense. The nature of the offense and the needs of the community weigh in favor of a sentence within the guidelines range.

The quantity of drugs at issue here was significant for the community where this offense happened, and the sentence should reflect that Defendant's crime was serious. Alaska's state courts, which are well-informed on this issue, have acknowledged that the

same quantity of drugs may be small in one community but large in another. See *Knight v. State*, 855 P.2d 1347, 1350 (Alaska App. 1993). The typical user dose of methamphetamine is approximately 0.1 grams, meaning that 17 grams of pure methamphetamine would be equivalent to 170 doses. In Utqiagvik, a close-knit Native community of less than 4,500 people, such quantities would have a major impact on the community.

For similar reasons, deterrence and community protection also justify a sentence within the guideline range. Utqiagvik is small, and in such places sentences for any felony are widely known. A guideline sentence, therefore, will send a message to the community that methamphetamine distribution will not be tolerated, and that the Court takes seriously the devastating impact of drugs on rural communities.

### c. History and Characteristics

In contrast to the nature of the offense, Defendant's history and characteristics weigh in favor of a sentence at or below the low end of the guideline range. Defendant is 39 years old and appears usually to be gainfully employed. He has little criminal history apart from a handful of misdemeanor convictions, all of which led to sentences with little or no jail time.

None of those sentences led to supervised probation or release, so he has not yet been afforded the opportunity to complete treatment and maintain sobriety with the guidance of a probation officer and the incentive of additional jail time. There appears to be no specific anti-social component to his offenses, so he may be a good candidate for rehabilitation.

### III. CONCLUSION

Balancing the fact that Grimes's offense was a serious one against the fact that he has so far had few run-ins with the law and may be a good candidate for rehabilitation, a sentence at the low end of the guideline range would be appropriate. Based on the Government's calculation of the guidelines, the Government therefore recommends a sentence of 101 months imprisonment, no fine, supervised release of 3 years, and a $200 special assessment.

RESPECTFULLY SUBMITTED this 10th day of March, 2021, in Fairbanks, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*s/ Daniel E. Doty*
DANIEL E. DOTY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2021,
a true and correct copy of the foregoing
was served electronically on all counsel of
record via the CM/ECF system:

*s/ Daniel E. Doty*
Office of the U.S. Attorney